# EXHIBIT A

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 10-15<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13 | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov |
|---|---|

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350)<br>95 Washington Street, Hartford, CT 06103 | Telephone number of clerk (with area code)<br>( 860 ) 548-2700 | Return Date (Must be a Tuesday)<br>April 20, 2021 |
|---|---|---|
| ☒ Judicial District  ☐ G.A.<br>☐ Housing Session  Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>Hartford | Case type code (See list on page 2)<br>Major: M  Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | Juris number (to be entered by attorney only)<br>419987 |
|---|---|
| Telephone number (with area code)<br>( 860 ) 296-3457 | Signature of Plaintiff (If self-represented) |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to)<br>mreilly@cicchielloesq.com |

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Bobby Wilson<br>Address: c/o: Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Kyocera Document Solutions of New England, Inc.<br>Address: 225 Sands Road, Fairfield, NJ 07004 | D-01 |
| Additional Defendant | Name: Agent: Corporation Service Company, 100 Pearl Street, 17th Floor, Hartford, CT 06103<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box)<br>[signature] | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Michael J. Reilly | Date signed<br>03/30/2021 |
|---|---|---|---|
| If this Summons is signed by a Clerk:<br>a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | | For Court Use Only<br>File Date<br>A TRUE COPY ATTEST<br>KEITH D. NIZIANKIEWICZ<br>CONNECTICUT STATE MARSHAL<br>INDIFFERENT PERSON<br>Docket Number |
| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | |

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 10 | Construction - State and Local |  | T 03 | Defective Premises - Private - Other |
|  | C 20 | Insurance Policy |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | C 30 | Specific Performance |  | T 12 | Defective Premises - Public - Other |
|  | C 40 | Collections |  | T 20 | Products Liability - Other than Vehicular |
|  | C 90 | All other |  | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 29 | Malpractice - Legal |
|  | E 10 | Redevelopment Condemnation |  | T 30 | Malpractice - All other |
|  | E 20 | Other State or Municipal Agencies |  | T 40 | Assault and Battery |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 50 | Defamation |
|  | E 90 | All other |  | T 61 | Animals - Dog |
|  |  |  |  | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction |  | T 70 | False Arrest |
|  | M 10 | Receivership |  | T 71 | Fire Damage |
|  | M 20 | Mandamus |  | T 90 | All other |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 40 | Arbitration |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 50 | Declaratory Judgment |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 63 | Bar Discipline |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 09 | Motor Vehicle* - All other |
|  |  |  |  | V 10 | Boats |
|  | M 68 | Bar Discipline - Inactive Status |  | V 20 | Airplanes |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  | V 30 | Railroads |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  | V 40 | Snowmobiles |
|  |  |  |  | V 90 | All other |
|  | M 83 | Small Claims Transfer to Regular Docket |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 84 | Foreign Protective Order |  |  |  |
|  | M 90 | All other |  |  |  |
| Property | P 00 | Foreclosure |  |  |  |
|  | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |  | W 90 | All other |
|  | P 30 | Asset Forfeiture |  |  |  |
|  | P 90 | All other |  |  |  |

| | |
|---|---|
| RETURN DATE: APRIL 20, 2021 | : SUPERIOR COURT |
| | : |
| BOBBY WILSON | : JUDICIAL DISTRICT |
| | : |
| VS. | : OF HARTFORD |
| | : |
| KYOCERA DOCUMENTS OF NEW | : |
| ENGLAND, INC. | : MARCH 30, 2021 |

## COMPLAINT

**FIRST COUNT:**   **AGE DISCRIMINATION IN VIOLAITON OF C.G.S. § 46a-60(b)(1)**

1. At all times set forth herein, the Plaintiff, Bobby Wilson, was a resident of East Hartford, Connecticut.

2. Plaintiff's date of birth is August 21, 1958, making him sixty-two (62) years old.

3. The Defendant, Kyocera Document Solutions of New England, Inc., is a Massachusetts corporation, with a Connecticut place of business located at 716 Brook Street, Suite 140, Rocky Hill, CT 06067.

4. The Defendant is engaged in the business of selling copy machines, printing service, internet technology ("IT") solutions, and other technology services to commercial accounts throughout the State of Connecticut.

5. Plaintiff began his career in the copy machine industry working for Ricoh Corp. as a Field Service Tech in 1985.

6. In 2000, Plaintiff formed RK2M, LLC d/b/a Advantage Business Systems, LLC, a Ricoh copier and printer dealership. A few years later Plaintiff switched the business to selling the Kyocera brand.

7. After enjoying continuous substantial year-over-year revenue growth, Plaintiff sold the business in 2008. In his last full year before selling the business, Plaintiff's revenue was approximately $700,000.

8. After selling his business and staying on during the sales transition period as an employee, Plaintiff took a position as a Level 3 technician with a company called New England Systems, Inc.

9. After 3 years with this employer, Plaintiff was promoted to Director of Technology, reporting directly to the President of the company.

10. Plaintiff was subsequently offered the position of Vice President of Sales, but decided to decline that offer and pursue a new opportunity elsewhere.

11. On March 4, 2013, Plaintiff accepted a job offer with DocuSource, Defendant's predecessor in interest.

12. Plaintiff was hired as a sales rep to sell both Managed Print Services ("MPS"), Electronic Content Management ("ECM") and IT solutions and to assist the hardware sales reps in Connecticut and Western Massachusetts with such sales.

13. Plaintiff was successful in the position and earned "President's Club" status with an accompanying company paid vacation twice in the early years.

14. Over time, Plaintiff's position description changed, and he was shifted away from selling MPS, and redirected toward selling ECM and Managed Network Services ("MNS").

15. Subsequently, additional transitions occurred, and Plaintiff also sold hardware (copiers and printers) to his own accounts. In other cases, a sales representatives would sell the hardware and Plaintiff would assist with selling the solutions.

16. As sales representatives left the Defendant, Plaintiff would often be assigned the previously shared accounts.

17. Plaintiff was also assigned direct accounts and also sometimes was assigned to follow-up on copier leads.

2

18. As a result of all of the foregoing, Plaintiff's role with the Defendant was varied, and Plaintiff could sell copiers, printers, ECM and IT, as befitting his long tenure in the industry.

19. Approximately 1-2 years prior to the termination of Plaintiff's employment, a sales representative retired. Plaintiff had worked very closely with him on many of his accounts, and in many cases, had visited the accounts more than he had.

20. Despite this, upon the representative's retirement, many of these shared accounts were re-assigned to Jason Krulewitz ("Krulewitz"), a younger, much less qualified sales representative who had previously quit the company and returned.

21. In another case, an account that was specifically assigned to Plaintiff was transferred to Krulewitz, causing the Plaintiff to miss out on significant commissions.

22. In another case, an ECM lead in Plaintiff's designated territory was given to a younger sales representative who handled Massachusetts.

23. In May of 2020, in response to the COVID-19 pandemic and business downturns associated with the same, the Defendant furloughed about 1/3rd of its Rocky Hill-based workforce, including the Plaintiff.

24. At the time of the furlough, the President of Kyocera America, Oscar Sanchez, assured the furloughed employees that they would all be brought back on August 3, 2020.

25. On Monday, July 20, 2020, at approximately 10:19 am, the President of Kyocera New England, Brian McLaughlin and HR Specialist, Donna Symolon called Plaintiff and informed him that sales were off by 40%, requing Plaintiff to be laid-off permanently.

26. While Defendant laid off two other newly-hired sales representatives at the time is laid off Plaintiff, it also retained two other sales reps who were younger than the Plaintiff and had less tenure than the Plaintiff.

27. As such, Defendant's decision to layoff Plaintiff while retaining other younger, less experienced sales representatives was motivated, at least in part, by Plaintiff's age.

28. Defendant, through the foregoing conduct, discriminated against the Plaintiff and terminated his employment on the basis of his age, in violation of Conn. Gen. Stat. § 46a-60(b)(1).

29. As a result of Defendant's unlawful conduct, Plaintiff has sustained lost wages and other monetary losses, has sustained emotional distress, and has incurred or will incur attorneys' fees and costs.

30. Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and thereafter received a Release of Jurisdiction Letter, a copy of which is appended hereto as <u>Exhibit A</u>. This Complaint is brought within 90 days of receipt of said letter, and as such, Plaintiff has exhausted his administrative remedies and this Action is timely.

WHEREFORE, Plaintiff prays for the following relief:

1. Money Damages;

2. Reasonable attorneys' fees;

3. Reinstatement or, in lieu thereof, front pay;

4. Punitive dmaages;

5. Costs of this Action; and

6. All other awardable relief.

THE PLAINTIFF,
BOBBY WILSON

BY: _____
Michael J. Reilly
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Juris: 431966
Email: mreilly@cicchielloesq.com

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

5

| | |
|---|---|
| RETURN DATE: APRIL 20, 2021 | SUPERIOR COURT |
| BOBBY WILSON | JUDICIAL DISTRICT |
| VS. | OF HARTFORD |
| KYOCERA DOCUMENTS OF NEW ENGLAND, INC. | MARCH 30, 2021 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interest.

THE PLAINTIFF,
BOBBY WILSON

BY: _____
Michael J. Reilly
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Juris: 431966
Email: mreilly@cicchielloesq.com

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

6

# EXHIBIT A

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES



Bobby Wilson
**COMPLAINANT**

CHRO No. 2110066
EEOC No. 16A-2020-01542

v.

Kyocera Document Solutions of New England, Inc.
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:**   March 29, 2021

Tanya A. Hughes, Executive Director

cc:   Michael J. Reilly, Esq., via email: mreilly@cicchielloesq.com
      Tanya A. Bovee, Esq., via email: tanya.bovee@jacksonlewis.com
      Sarah T. Bold, Esq., via email: sarah.bold@jacksonlewis.com